IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-4-D-2
No. 5:16-CV-721-D

ISABEL MARQUEZ FAJARDO, )
)
Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )

On April 10, 2014, pursuant to a written plea agreement [D.E. 34], Isabel Marquez Fajardo ("Fajardo" or "petitioner") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. See [D.E. 15, 32, 34]. On July 16, 2014, the court sentenced Fajardo to 60 months' imprisonment [D.E. 53, 59]. Fajardo did not appeal her conviction or sentence.

On August 2, 2016, Fajardo moved under 28 U.S.C. § 2255 "for [a] minor role adjustment and sentence reduction" [D.E. 80]. On November 14, 2016, Fajardo re-filed her motion as a motion to vacate, set aside, or correct her sentence pursuant to section 2255, arguing that under Amendment 794 to the United States Sentencing Guidelines, which changed the definition of a "minor participant" under U.S.S.G. § 3B1.2, Fajardo qualified as a minor participant [D.E. 82]. On February 27, 2017, the government moved to dismiss Fajardo's motion to vacate [D.E. 87]. As explained below, the court grants the government's motion to dismiss.[1]

---

[1] On May 28, 2015, Fajardo moved to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 782 [D.E. 77]. On April 3, 2017, the court

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept as true legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, set aside, or correct a sentence, the court also may consider the motion itself as well as "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 & n.1 (1st Cir. 1993).

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

---

granted Fajardo's motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) and reduced her sentence to 48 months' imprisonment [D.E. 90].

2

retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). A criminal appeal must be filed within fourteen days after the court enters judgment of conviction. See Fed. R. App. P. 4(b)(1)(A)(i). If a defendant does not appeal her judgment, a conviction becomes final for purposes of section 2255's statute of limitations when the fourteen-day appeal period expires. See Clay v. United States, 537 U.S. 522, 532 (2003). But cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding that a conviction becomes final for purposes of section 2255's statute of limitations on the date judgment is entered if a defendant fails to file a direct appeal).

Fajardo's judgment of conviction was entered on July 16, 2014 [D.E. 59]. Therefore, under Clay, her judgment became final on July 31, 2014, and her period within which to file a section 2255 motion ended on July 31, 2015. See, e.g., Clay, 537 U.S. at 532. Fajardo, however, did not file her section 2255 motion until August 2, 2016 [D.E. 80]. Thus, Fajardo's section 2255 motion is untimely under section 2255(f). Furthermore, Fajardo has not alleged that any governmental action prevented her from filing a timely motion, that her motion is based on a right newly recognized by the Supreme Court, or that her motion is based on facts that could not have been discovered earlier through the exercise of due diligence. Accordingly, Fajardo's section 2255 motion is untimely under section 2255(f).

Alternatively, Fajardo may not bring her claim under section 2255. Fajardo's section 2255 motion is premised on the court's failure to apply an offense-level reduction pursuant to U.S.S.G. § 3B1.2, but a petitioner generally may not use section 2255 to challenge the calculation of her advisory guideline range. See United States v. Foote, 784 F.3d 931, 936–40 (4th Cir. 2015); United

3

States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside, 775 F.3d at 183–87; United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Furthermore, Fajardo waived "all rights to contest [her] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [a] ... motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Fajardo] at the time of [Fajardo's] guilty plea." [D.E. 34] 1–2; see [D.E. 32] (minute entry for Fajardo's Rule 11 hearing). Fajardo's current motions are not based upon ineffective assistance of counsel or prosecutorial misconduct, and Fajardo knowingly and voluntarily entered into her plea agreement which included the waiver of post-conviction rights. Therefore, because Fajardo's claims are not cognizable under section 2255 and because Fajardo waived her rights to initiate these post-conviction proceedings under section 2255, Fajardo has failed to state a claim upon which relief may be granted under section 2255.

Even if the court were to construe Fajardo's section 2255 motion as a motion for a sentence reduction under 18 U.S.C. § 3582(c), Fajardo would not be entitled to relief. Only certain amendments to the Sentencing Guidelines apply retroactively, and that list does not include Amendment 794, which updated section 3B1.1. See U.S.S.G. § 1B1.10(a)(2)(A), (d); Kemp v. United States, Nos. 7:14-CR-9-FL-2, 7:16-CV-315-FL, 2017 WL 455403, *1 (E.D.N.C. Feb. 2, 2017) (unpublished).

After reviewing the claims presented in Fajardo's motions, the court finds that reasonable jurists would not find the court's treatment of Fajardo's claims debatable or wrong, and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

4

In sum, the court GRANTS respondent's motion to dismiss [D.E. 87] Fajardo's motions to vacate, set aside, or correct her sentence pursuant to section 2255, DISMISSES the motions to vacate [D.E. 80, 82], and DENIES a certificate of appealability.

SO ORDERED. This 12 day of April 2017.

JAMES C. DEVER III
Chief United States District Judge